SO ORDERED: August 16, 2007.

_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WELDON LEE EDWARDS AND | ) | CASE NO. 06-70202-BHL-7 |
| ANGELA MARIA EDWARDS | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | | |
| | | |
| WELDON LEE EDWARDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 06-57051 |
| | ) | |
| KENNETH THARP and | ) | |
| C. MICHAEL STEINER, In His | ) | |
| Capacity as Prosecuting Attorney | ) | |
| for the 90th Judicial Circuit (Martin | ) | |
| County, Indiana) | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO DISMISS**

This matter comes before the court on the **Complaint to Determine Dischargeability of**

-1-

**Debt** filed by the Plaintiff, Weldon Lee Edwards (hereinafter "Plaintiff") on June 13, 2006. Defendant, C. Michael Steiner (hereinafter "Defendant") filed his **Answer** on September 22, 2006, and an **Amended Answer** on October 3, 2006. Subsequently, Defendant filed a **Motion to Dismiss** on the grounds that the Complaint failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The issue was fully briefed on June 15, 2007, after which the court took the matter under advisement.

*Background Facts*

On October 17, 2005, Plaintiff entered into a plea agreement in Cause No. 51C01-0308-CM-0224, State of Indiana v. Edwards, in Martin County, Indiana. In this plea agreement, Plaintiff plead guilty to Home Improvement Fraud and agreed to a Judgment Order for Restitution in the amount of $13,118.60. This money was to be paid as restitution to Co-defendant Kenneth Tharp. Plaintiff now seeks either to discharge the debt entirely or reduce it to whatever amount this Court deems fair. Defendant claims that the doctrine of collateral estoppel prevents Plaintiff from litigating this matter in this court, thus leading to a Rule 12(b)(6) Motion to Dismiss.

**Collateral Estoppel Applies to Determination of Dischargeability**

The doctrine of collateral estoppel provides that a prior judgment on the identical issue between the same parties in a different cause of action acts as a bar to relitigating that issue in a subsequent action. The Full Faith and Credit Clause of the United States Constitution provides that federal courts are to accord state court judgments such weight as would be applied in the courts of the state in which the judgment was rendered. Art. IV, section 1 U.S. Constitution. Thus, the application of collateral estoppel is appropriate in bankruptcy proceedings as long as

"the state litigation actually and necessarily decided the relevant issue." *Klingman v. Levinson*, 831 F. 2d 1292, 1295 (7th Cir. 1987). The Court in *Klingman* stated:

> Where a state court determines factual questions using the same standards as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments.... Thus, if requirements for applying collateral estoppel have been satisfied, then that doctrine should apply to bar relitigation of an issue determined by a state court.

*Id.*

The doctrine of collateral estoppel has been used to bar litigation in bankruptcy court that which has already been litigated in a criminal proceeding. See *In Re Raiford*, 695 F. 2d 521 (11th Cir. 1983). Citing *Raiford*, the United States Bankruptcy Court for the Eastern District of Wisconsin, stated:

> The underlying rationale for applying collateral estoppel to factual findings made in criminal proceedings is the recognition that the standard of proof for findings in criminal proceedings is higher than in bankruptcy proceedings. Because the standard of proof is higher, the procedural protections which attach in the criminal action provide a sufficiently reliable determination of the particular issues decided.

*Transamerica Premier Ins. Co. v. Chaplin*, 179 B.R. 123, 126-127 (Bkrtcy, E.D. Wisc., 1995).

In order for the Court to give collateral estoppel effect to a prior judgment, the following elements must be met:

> 1) the issue sought to be precluded must be the same as that involved in the prior action; 2) the issue must have been actually litigated; 3) the determination of the issue must have been essential to the final judgment; and 4) the party against whom estoppel is invoked must be fully represented in the prior action.

*Havoco of America, Ltd. v. Freeman, Atkins & Coleman, Ltd.*, 58 F. 3d 303, 307-308 (7th Cir. 1995). The party asserting collateral estoppel bears the burden of proving that each element is present. *Id.*

In the present matter, counsel for Plaintiff makes no assertion that the Plaintiff was not fully represented in his criminal proceeding.  Also, it is clear that, as to the third element, a finding of fraud is essential to Plaintiff's guilty plea to Home Improvement Fraud.  The remaining issues, then, are whether the issue sought to be precluded is the same in this matter as in the criminal proceeding, and whether or not that issue was actually litigated.

In the criminal proceeding, Plaintiff plead guilty to two (2) counts of Home Improvement Fraud.  Specifically, he plead guilty under I.C. 35-43-6-12(a)(3) which defines Home Improvement Fraud as:

> A home improvement supplier who enters into a home improvement contract and knowingly: – (3) promises performance that the home improvement supplier does not intend to perform or knows will not be performed.

The Bankruptcy Code section which is relevant in the present matter is 11 U.S.C.§ 523(a)(2)(A). It states, in pertinent part, that "[a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt – (2) for money, property, services, ... to the extent obtained by – (A) false pretenses, a false representation, or actual fraud." *Id.*

The facts necessary to except a debt from discharge under § 523(a)(2)(A) are the same facts necessary to prove guilt under I.C. 35-43-6-12(a)(3).  Specifically, they are that Plaintiff knowingly promised performance that he either had no intention of doing or knew would not be done; i.e., he obtained money by making a false representation to Tharp.  We know Plaintiff did this because he admitted as much. In paragraph 6(h) of his plea agreement, Plaintiff admitted "the truth of all facts contained in the Information that sets forth the charge to which the Defendant enters a plea of guilty." *Defendant's Motion to Dismiss*, *Ex. "A"*.  Had these facts not been true, Plaintiff should have contested them during the criminal proceeding. By pleading

-4-

guilty to the charge, he waived his right to appeal the conviction to the Court of Appeals or the Supreme Court, both being the appropriate forums in which to appeal a conviction.  Though it is understandable for a criminal defendant to plead guilty in order to save time, money, and often reduce his sentence, he cannot then argue in a subsequent civil matter that those facts which he admitted are rendered ineffective for collateral estoppel purposes.  Thus, the issue sought to be precluded is the same and that prong of the test is satisfied.

It is also well established that an admission of guilt satisfies the "actually litigated" element of collateral estoppel.  "[M]ost courts give a judgment based on a guilty plea the same collateral effect as any other criminal conviction, conclusive of all issues that would have been resolved by a conviction following a contested trial."  *Raiford*, 695 F. 2d at 523.  Therefore, Plaintiff is collaterally estopped from litigating that his debt is dischargeable.

### Collateral Estoppel Does Not Apply to Debt Amount

Collateral estoppel prevents the Plaintiff from arguing in this forum whether the debt is dischargeable.  It does not, however, prevent the Plaintiff from litigating how much that debt should be.  The policy behind the doctrine of collateral estoppel is that "one fair opportunity to litigate an issue is enough."  *Bowen v. United States*, 570 F.2d 1311, 1322 (7th Cir. 1985).  In order for the doctrine to apply, one must have had that one opportunity to litigate that issue.  The burden to prove whether or not a particular issue was actually litigated falls on the party asserting collateral estoppel.  *Appley v.* West, 832 F.2d 1021, 1025 (7th Cir. 1987) (citing *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir. 1985)).  In this case, the burden is on the Defendant.

The Seventh Circuit Court of Appeals determined that collateral estoppel does not apply to restitution orders arising from a guilty plea in a criminal proceeding without evidence that the

restitution order was, in fact, actually litigated. *Appley*, 832 F.2d 1021. In *Appley*, the defendant West, had plead guilty to two counts of defrauding Appley through false and fraudulent pretenses, and was ordered to pay $957,000. West had agreed that the minimum amount he had taken was $495,000, but he and his counsel agreed, at the sentencing hearing, that the government would submit to the court its version of the offense which sought $957,000. *Id.* at 1023. At the sentencing hearing, the court recognized that there were two versions of the offense and that the parties were essentially "agreeing to disagree" in order to prevent the need for an evidentiary hearing as to the differences. *Id.* Despite knowing about these differences, the court ordered West to pay $957,000 in restitution. *Id.* at 1024. Appley later sued West in civil court and argued that because of the restitution order, West was estopped from challenging the actual amount of damages caused to Appley. The Seventh Circuit Court of Appeals ruled that collateral estoppel did not prevent West from challenging the amount of damages owed to Appley. The Court stated:

> We cannot say, after reviewing the transcripts of the plea hearing and the sentencing hearing, that the issue of the amount of Ms. Appley's injury from Mr. West's acts was actually litigated and decided on the merits and that the amount of the injury was necessary to the guilty plea. Collateral estoppel should not be applied when to do so would work an unfairness on the party to be bound.

*Id.* at 1026.

The Court went on to state that, "because Ms. Appley failed in her burden of establishing that the amount of injury was established by the guilty plea, . . ., under the facts of this case, the application of preclusion would be unfair, we hold that the district court erred in applying collateral estoppel to grant summary judgment in favor of Ms. Appley." *Id.*

In the present matter, the burden is on the Defendant to show that the "amount of injury

was established by the guilty plea." Here, we are offered no evidence by the Defendant as to whether the amount of restitution was actually litigated. In fact, Plaintiff has alleged that he had "no way of knowing what the Court record upon which the State Court in the criminal matter relied upon to determine what its restitution order would be."[1] *Objection to Dismiss*, ¶ 4. Due to a lack of evidence to show that the restitution was actually litigated, collateral estoppel does not prevent the Plaintiff from presenting evidence on the issue of damages.

In accordance with the foregoing, the Court finds that the elements of collateral estoppel prevent Plaintiff from litigating the issue of dischargeability. However, collateral estoppel does not prevent the Plaintiff from presenting evidence as to the issue of damages. Therefore, Defendant's Motion to Dismiss is **GRANTED** in part as to the dischargeability of the debt, but **DENIED** with respect to the amount of the debt. In order to resolve the damages issue, the Court now schedules a telephonic pre-trial conference on **October 25, 2007** at **10:30 AM EDT** and orders Plaintiff to initiate the phone call.

###

Distribution to all counsel.

---

[1] Only later, in his *Supplemental Response to Defendant's Motion to Dismiss*, did Plaintiff state that he was made aware of the document which formed the basis for the restitution award on April 26, 2007, over one year after his guilty plea was entered.